

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-2008

# Kumker v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2973

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kumker v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1222.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1222

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2973
_____

TALAT KUMKER,
                                          Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A97 512 795)
Immigration Judge:  Honorable Margaret Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2008

Before:     FUENTES, WEIS AND GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 14, 2008)
_____

OPINION
_____

PER CURIAM

        Talat Kumker petitions for review of a Board of Immigration Appeals ("BIA")

decision denying his motion to reopen his immigration proceedings.  We will deny the

petition for review.

Kumker is a native and citizen of Turkey. He came to the United States in 1999 as a visitor. In 2004, the Immigration and Naturalization Service issued a notice to appear charging that Kumker was subject to removal because he stayed here longer than permitted. Kumker conceded that he was removable as charged, and applied for asylum, withholding of removal, and relief under the Convention Against Torture.

In support of his applications, Kumker testified that he is a member of the Dogru Yol Party. In June 1999, five men came to his farm and threatened him to leave his party and join the Refah Party, or they would kill or torture him. Kumker was working hard for his party at that time. He stated that his duties included driving his father, who was a prominent party member, putting up party flags, and recruiting people to join the party.

Kumker testified that in July 1999 the men returned to the farm and took Kumker behind the barn. Two men held him, and the other three beat him with sticks and the end of their guns. The men said that if he did not leave the party, they would come again and kill him. Kumker suffered a head injury and pain in his stomach, and he could not work for a month. He did not go to the hospital because he was afraid the Refah Party members would find out, and he did not want the doctor to tell the police what happened.

Kumker testified that he fears that the men who threatened him, who are now in the government, will take him at the airport and put him in jail if he is removed. Kumker's friends told him that the men have a list of people who left the country.

The Immigration Judge ("IJ") concluded that Kumker was not credible. The IJ

noted that Kumker's father gave a different account of the June 1999 incident. Kumker testified that he was working alone in the fields when the men came, that his father could see but could not hear them, and that he told his father what had happened. Kumker's father stated in a letter that, while he and his children were working, the men came and asked them which party they belonged to, and then told them to break off their relations with their party and join the Refah Party. The IJ also noted that Kumker's wife stated in a letter that in June 1999 the men asked Kumker and her father-in-law which party they supported, and when Kumker told them they supported the Dogru Yol Party, the men said that was not acceptable and told them to join the Refah Party.

The IJ noted that Kumker submitted a party membership card, but she did not consider the card significant as it was issued in 2004 after he left Turkey. The IJ further stated that Kumker had signed a statement in 2004 attesting that he did not have a fear of returning to Turkey, and that Kumker had told embassy officials that he planned to visit the United States when he actually intended to stay here. The IJ pointed out other inconsistencies in the evidence, including Kumker's and his wife's description of the men who came to the farm as "young supporters" of the Refah Party, and his written statement that members of the village elders and village counsel came to the farm. Kumker's testimony and statement also differed as to the place where he was beaten on the farm.

The IJ also found that Kumker was not eligible for asylum because his application was untimely. Even if timely, the IJ stated that Kumker did not meet his burden of proof

in light of the adverse credibility determination. Similarly, the IJ concluded that Kumker did not meet his burden of proof for withholding of removal or relief under the Convention Against Torture.

The BIA dismissed Kumker's appeal. The BIA agreed that Kumker's asylum application was untimely and agreed with the adverse credibility finding based on the inconsistencies in the evidence cited by the IJ.[1]

Kumker filed a motion to reopen the proceedings based on alleged new evidence of changed country conditions in Turkey. He argued that the conditions in Turkey that led him to flee had deteriorated, and he provided the most recent U.S. Department of State country report, news articles, and other reports on Turkey.

In denying the motion, the BIA explained that a party seeking to reopen must state the new facts he intends to establish, supported by evidentiary material, and establish a prima facie case of statutory and discretionary eligibility for the underlying relief sought. The BIA stated that Kumker's evidence did not mention him by name, that Kumker did not specify how the alleged changed conditions affected him, and that he did not identify the new facts he would prove. In response to Kumker's request that the BIA grant him asylum and withholding of removal, the BIA noted that Kumker's asylum application was time-barred, and that he could not satisfy his burden of proof for withholding of removal in light of the earlier adverse credibility determination. The BIA found that Kumker was

---

[1]The BIA and the IJ granted Kumker voluntary departure, but it does not appear that he has left the United States.

not eligible for the underlying substantive relief he sought.[2]

Kumker filed a counseled petition for review in the United States Court of Appeals for the Second Circuit, which was transferred to this Court. We review the BIA's denial of a motion to reopen for an abuse of discretion. Borges v. Gonzalez, 402 F.3d 398, 404 (3d Cir. 2005). Under this standard, we will disturb the BIA's decision only if it is arbitrary, irrational, or contrary to law. Id.[3]

Kumker argues that the BIA applied the wrong legal standard by requiring him to make a prima facie showing that he is entitled to withholding of removal, as opposed to asylum. Kumker asserts that the one-year statute of limitations does not apply because he alleged changed country conditions. The Government concedes that, notwithstanding a time-barred asylum application and entry of a removal order, an alien may seek asylum in a motion to reopen based on changed country conditions, if the evidence is material and was not available at the previous proceeding. See 8 U.S.C. § 1229a(c)(7)(C)(ii). The Government, however, correctly argues that Kumker cannot meet his burden of proof under any standard because he was found not credible, his asylum claim is based on the same claim of political persecution previously presented, and his new evidence is

_____

[2]The BIA also noted that seven of Kumker's eight exhibits were available before the BIA issued its earlier order, and did not constitute "new" evidence. This conclusion is not at issue on appeal.

[3]We lack jurisdiction to review the BIA's decision dismissing Kumker's appeal from the denial of asylum, withholding of removal, and relief under the Convention Against Torture. Kumker's petition for review is only timely with respect to the BIA's order denying his motion to reopen. See Stone v. I.N.S., 514 U.S. 386, 405-06 (1995).

unrelated to his credibility.

Kumker also argues that he established a rise in Islamic fundamentalism that places him in danger of persecution. Even absent a credibility problem, Kumker did not address in any detail in his motion to reopen the evidence that he presented and how the alleged changed conditions will affect him. In his brief, Kumker refers to articles stating that attacks on civilians and Catholics had increased, and that Islamic fundamentalism had grown, but he does not explain how these events relate to his claim based on threats by Refah Party members. Kumker has not shown that the BIA abused its discretion in denying his motion to reopen.

Accordingly, we will deny the petition for review.